MERZBACH v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

DISTRICT ATTORNEY'S OFFICE—SALARY OF EMPLOYE.

An employé in the district attorney's office of New York is not entitled, over and above the regular compensation allowed to him by law, and which has been fully paid to him, to additional fees because during that time he acted as a notary public in the office, without any express agreement as to payment of such fees, and with express knowledge that the city repudiated any obligation to pay him therefor.

Parker and Williams, JJ., dissenting.

Action by Henry Merzbach against the mayor, aldermen, and commonalty of the city of New York. Judgment entered on verdict of the jury for defendant, and plaintiff appeals. Affirmed.

Argued before O'BRIEN, RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

Wm. Victor Goldberg, for appellant.
Theodore Connoly, for respondent.

INGRAHAM, J. We do not think that the plaintiff was entitled to recover. The plaintiff occupied a subordinate position in the office of the district attorney of New York, and, as such, came within the provisions of section 28 of article 3 of the constitution, which provides that the legislature shall not, nor shall the common council of any city, nor any board of supervisors, grant any extra compensation to any public officer, servant, or contractor. The plaintiff, as the holder of such position in the district attorney's office, received, during the period in which he performed the service for

which he asks to recover, a salary fixed by law, and which was duly paid to him by the city and county of New York.   It also seems that, during the period that he held this position, he was a notary public, and, as such, administered various oaths in various proceedings in which the people were parties.   Some of these affidavits thus verified were affidavits of the district attorneys in office during the period, and others the affidavits of assistants, clerks, or witnesses.   He seeks to recover in this action against the city of New York for the legal fees as notary for officiating as such in taking these affidavits.   He does not pretend that there was any arrangement made with the district attorney or any of his assistants by which he was to be paid for such services as notary, in addition to the compensation fixed by law for the services that he rendered in the office of the district attorney; and the fact that there was any such understanding is negatived by the fact that, before the services for which he now seeks to recover were rendered, he had presented a bill for affidavits taken by him to the comptroller, who refused to pay it, and thus any liability had been repudiated by the city.   He testified to various conversations with District Attorneys Martine and Fellows about these charges, but in none of them does he claim that there was any direct agreement by the district attorney that he should be paid for these services in addition to the compensation allowed to him by law, and which has been paid to him.   He refers us to no statute which makes the fees of a notary for services thus rendered to the district attorney, or to his employés, a county charge, or that justifies us in holding that this person, an employé in the district attorney's office, is entitled, for the services that he renders to the district attorney, to additional fees over and above the regular compensation allowed to him by law, and which has been fully paid to him. No appropriation has been made to pay these charges.   It seems to me that his claim is entirely unauthorized, and that, under the provision of the constitution, neither the legislature, the common council, nor a board of supervisors could grant him extra compensation for these services.   Much less is he entitled to recover for them when there was no agreement to pay for them.

We are now dealing with a claim made by an employé in a public office to be paid a sum of money, in addition to the compensation allowed him by law, for services rendered in the office in which he was employed, and during office hours, when his time belonged to the public.   He presents no statute authorizing him to render the services, or to receive compensation for such services in addition to that allowed to him by law; and no public officer authorized to employ him, or to incur a liability for which the city is responsible, has directed him to perform the services or agreed that he should be compensated for them.   The fact that there had been appropriated by the board of apportionment a sum of money for each of the years that the plaintiff held such position for the contingencies of the district attorney's office would not authorize any one holding a position in the office to appropriate any portion of such money without the express authorization of the district attorney, or some express employment by him to render a particular service in aid of the district

1020    45 NEW YORK SUPPLEMENT

and 79 New York State Reporter.    (Sup. Ct.

attorney in the administration of his office.    Here was an employé, who was paid to perform certain services to the district attorney. During that time he also acted as a notary public in the office, without any express agreement as to the payment of his fees, and with express knowledge that the city repudiated any obligation to pay him for such services.    After such repudiation of liability on behalf of the city, he proceeds to take such affidavits, without insisting upon payment of the fees for such service, and without being employed to render the service by the person responsible for the administration of the office and the expenditure of the public money appropriated for the proper conduct of the office, and then makes a claim for the fees in addition to the salary allowed by law for his services.

What is it that entitles this plaintiff to hold the city liable for anything in addition to the salary fixed by law, and which he was paid?    There was no understanding with the district attorney that he was to be paid anything in addition to his salary.    Except so far as the district attorneys themselves occasionally verified an affidavit before him, no responsible officer required that he should render special and extra services outside of those imposed upon him by virtue of his position.    He did not receive any specific instructions from the district attorney to act as notary in the cases in the office.    While there he swore in anybody that wanted to be sworn.    Under those circumstances, it seems to me that what he did was voluntary, as a part of the services to be rendered in consequence of his employment; and nothing appears to justify the conclusion that for such services as notary public he was to receive additional compensation. The inference, on the contrary, is all the other way.    To uphold such a claim as this, a most lax and dangerous system would be approved, by which public officials could obtain payment from the public for services not authorized by their superiors, and for which no compensation is fixed by law.    Such a system would prevent any regular control of the public expenditure by those in whom that responsibility is vested by law.    There was no promise, express or implied, that the plaintiff should be paid by the public for his services as notary; and whatever service was rendered by him was clearly voluntarily rendered, as an incident to his employment in the office, and for which the salary that he was paid must be accepted as sufficient compensation.

I think, upon the evidence, the plaintiff was not entitled to recover, and the judgment should be affirmed.

RUMSEY and O'BRIEN, JJ., concur.

PARKER, J. (dissenting).    The plaintiff, who was a salaried employé in the office of the district attorney of New York, from about January 1, 1884, to December 31, 1890, brings this action to recover notary fees for administering oaths or affirmations, and taking acknowledgments required to be taken in the discharge of official duties imposed upon the district attorney, and at his request.    The period covered by plaintiff's claim extends from July 11, 1885, to De-

cember 31, 1890, and the notarial fees, at the rate provided by statute, aggregate the sum of $375.02, or an average of about 22 cents per day. Prior to June 11, 1885, the plaintiff performed services as a notary public in the office of the district attorney, and he presented a bill for such services to the comptroller, which was disallowed. Thereafter he kept an account of every service rendered by him as a notary public, whether administering oaths or taking acknowledgments; and after his employment ceased, which was December 31, 1890, he presented a bill to the comptroller for such services, and, that officer having refused to pay his claim, he commenced this action. That, as notary public, he administered the oaths, and took the affidavits and acknowledgments, for which he seeks recovery, is not questioned. And that the district attorney had the authority to incur these expenses in behalf of the county, and that all such expenses were chargeable against the people by the corporation of the city of New York, is conceded. The answer, among other things, alleges as a defense that the plaintiff was an employé in the office of the district attorney, and whatever services, if any, were rendered by the plaintiff, were rendered voluntarily, and without any agreement that the plaintiff was to receive compensation therefor. The record contains evidence tending to show that the plaintiff's services as notary public were rendered voluntarily, but, because of testimony to the contrary on the part of the plaintiff, it cannot be held, as matter of law, that the services thus rendered were voluntary. The plaintiff testified that in May or June, 1885, he told Mr. Martine, then district attorney, that one of the bills for notary fees that he had marked "Correct" had been rejected by the comptroller, and the district attorney answered me "I ought to get paid. 'You are entitled to it.'" He also testified to a conversation with District Attorney Fellows, in the latter part of 1889, in which plaintiff requested him to O. K. one of his bills, and that he then handed it to the district attorney's private secretary to send over with other bills to the comptroller's office. And again: "I told Col. Fellows once that I would keep an account. He did not answer me. It was after that that he O. K.'d one of the bills for me. I rendered bills for those services." Further reference to the evidence is unnecessary, as it already appears that there was sufficient evidence tending to show that the rendition of notary services by the plaintiff was not intended by him to be voluntary, and that District Attorneys Martine and Fellows so understood it, as to present a question of fact for the jury. It should be said in passing that District Attorney Fellows denied having O. K.'d any bill for the plaintiff, and that he understood that the services were rendered voluntarily, and because of the fact that the plaintiff was receiving a salary as an employé in the district attorney's office. If the question had been submitted to the jury whether the services were rendered voluntarily, a verdict for the defendant could not now be disturbed, but, instead, the jury was instructed as follows:

"If you find, as matter of fact, that the plaintiff was requested by the district attorney to take these affidavits and acknowledgments, and that it was

either expressly or impliedly agreed that he should be compensated for his services in addition to the salary he received, you may find a verdict for the plaintiff. If, on the other hand, you find that there was no such understanding, express or implied, it will be your duty to find a verdict in favor of the defendant."

The court also charged the jury that the burden was upon the plaintiff on all the issues. The jury were therefore instructed, in effect, that the burden was on the plaintiff to establish that there was an understanding, express or implied, that the plaintiff should be compensated for his services as notary, in addition to his salary as employé. The instruction of the court would undoubtedly be correct if the services of the plaintiff were incidental to his services as messenger, or were part of his duties as messenger; but the plaintiff testified as to what constituted the duties of messenger, as he was advised by the district attorney, and his testimony in that respect is not contradicted. The rule laid down by the court would also be correct if the plaintiff had been requested to render services other than those belonging to his duties as messenger, provided he was not called upon in the doing of it to perform a duty incident to some other public office held by him. The plaintiff, in addition to being a messenger in the district attorney's office, held a public office, to wit, that of notary public. That office he obtained, not from the district attorney, but by an appointment from the governor. The statute fixes the fee which, as notary public, he was entitled to receive for administering an oath or affirmation, and for taking an acknowledgment. His right to compensation for services as notary public did not grow out of any contract, but was an incident of his office, and arose from the rendition of the services. The plaintiff could voluntarily perform the duties as notary public for his employer, but it cannot be assumed that he did so; it must be proved. When requested to administer an oath, or take an acknowledgment, he became entitled, after the rendition of the services, to the fee which the statute provides. The principles governing contracts, express or implied, have no application to such a situation, and the party receiving the benefit of official services of such a character cannot successfully resist payment by asserting that it was not expressly or impliedly agreed or understood that the officer should be compensated for his services. Nor can a jury be permitted to speculate that, because of the friendly or other relations between the parties, the person seeking the services of the notary did not expect to pay him, and therefore there was no contract, either express or implied, that he should. Undoubtedly, a notary may voluntarily waive his right to the fees, which the statute gives him; and, if he does so, he cannot afterwards reconsider and recover them. The only proof which he needs to make in order to establish his right to recover fees for services rendered as a notary is to show the rendition of the services upon the request of the party from whom recovery is sought. It will constitute a defense to show that the services were voluntarily rendered, but the burden is upon the defendant to establish it. The plaintiff in this case excepted to an instruction in substance that the burden was upon the plaintiff to show that it was either expressly

or impliedly agreed that he should be compensated for his services as notary public. This exception was well taken.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

WILLIAMS, J., concurs.